United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| Toledo Gas Gathering, LLC | § | Case No. 24-60730 |
| 515 N. Fredonia | § | |
| Longview, TX 75601 | § | Chapter 11 |
| | § | |
| | § | |
| Debtor | § | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT
## PURSUANT TO 11 U.S.C. § 1112(b), and §105
## *WITH WAIVER OF 30-DAY HEARING REQUIREMENT*

## 14-DAY NEGATIVE NOTICE – LBR 1017(b):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JOSHUA SEARCY, UNITED STATES BANKRUPTCY JUDGE:

Lisa Lambert, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned bankruptcy case ("Case") her Motion to Dismiss or Convert pursuant to 11 U.S.C. § 1112(b) and §105 ("Motion") and respectfully states in support thereof:

**Jurisdiction and Timeliness**

1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  The predicate for the relief requested herein is Bankruptcy Code §1112(b) and §105.

**Background**

2.      On November 21, 2024 ("Petition Date"), Toledo Gas Gathering, LLC ("Debtor or "Toledo") filed Chapter 11.  No Creditors' Committee has been appointed.

3.      Debtor operates an Oil and Gas business.

4.      On the Petition Date, Kevin Russell and Raymond Russell signed a "Resolution of the Managing Members of Toledo Gas Gathering Inc." (the "Resolution").  This Resolution is attached to the Petition, presumably to authorize this Chapter 11 filing.

***Failure to Timely File Schedules and SoFA***

5.      On November 22, 2024, Debtor filed a Motion to Extend Time to file Schedules ("Motion to Extend") in this Case.  Docket #3.   The U. S. Trustee was not consulted as to the Motion to Extend.

6.      On November 25, 2024, Debtor obtained an Order Granting the Motion to Extend, allowing Debtor to file the Schedules and Statement of Financial Affairs ("SoFA") by December 19, 2024.  (the "Deadline").

7.       The Meeting of Creditors was set by the Clerk to be held on December 18, 2024 ("Creditor's Meeting").  Docket #11.

8.      Debtor had not yet filed the Schedules and SoFA when the Creditor's Meeting was called.  Six parties of interest appeared at the Creditor's Meeting.  The failure of Debtor to

file Schedules or to even seek a reset of the Creditor's Meeting significantly impaired the ability

of any party to question Debtor.  Ultimately, the Creditor's Meeting had to be rescheduled until

January 9, 2025.

9.      As of January 5, 2025, Debtor had still not filed the Schedules and SoFA, thus

failing to comply with the Deadline.

10.     As of January 5, 2025, there was no Application filed by Debtor to employ

counsel.  Debtor, an LLC, cannot proceed in Chapter 11 without an attorney.

***Vast Majority of Debtor owned by Kevin Russell Bankruptcy Estate***

11.     Over 90% of Debtor's ownership is attributed to Richard Kevin Russell ("Kevin

Russell").  Kevin Russell is the Debtor in that Chapter 11 case styled Richard Kevin Russell; 22-

41793-mxm11, pending in the Northern District of Texas, Ft. Worth Division ("Russell

Bankruptcy").

12.     The Russell Bankruptcy was filed on August 8, 2022 and is represented by Curtis

Law PC.  When the Russell Bankruptcy was filed, the filed Russell petition effectuated an

"Order for Relief" in the Russell Bankruptcy.  11 U.S.C. §301(b).

13.     The Russell Bankruptcy has been contentious.

14.     Kevin Russell's ownership interest in Debtor is non-exempt property of the

Russell Bankruptcy estate.  Based on information and belief, Kevin Russell's ownership interest

in Debtor Toledo is a significant asset of the Russell Bankruptcy estate.

***Chapter 11 Trustee appointed in Russell Bankruptcy***

15.     Frances A. Smith ("Smith") is the appointed Chapter 11 Trustee in the Russell

Bankruptcy.  Smith is therefore the person in control of the assets of the Russell Bankruptcy

estate.  11 U.S.C. §323.  As such, Smith is the person in control of Kevin Russell's interest in

Debtor Toledo.  Smith is the party to sue for the Russell Bankruptcy, or to be sued as to the Russell Bankruptcy.  Arguably, this includes the initiation of this Chapter 11 filing for Debtor Toledo.

16.     On November 25, 2024, the U. S. Trustee conferred with Smith.  It was then that the U. S. Trustee was made aware that Smith was not consulted about this Chapter 11 filing -or the choice of venue- prior to the Petition Date.  Smith did not agree to Debtor's filing and is opposed to the choice of venue.  *See, Bankruptcy Rule 1014(b)*.

17.     Debtor's filing, in the Eastern District of Texas, without the consent of Smith, appears to violate the automatic stay in the Russell Bankruptcy.  11 U.S.C §362(a)(3).

### *Regulations of Debtor*

18.     Debtor's Amended and Restated Regulations, at Section 5.02, states that in order to place Debtor Toledo into bankruptcy, there must be a consent of the Majority Interest of the Members.   Arguably, without Smith's consent, Debtor did not have the consent of the Majority Interest of the Members.

### *Failure to Comply with Administrative Requirements*

19.     Debtor has failed to provide adequate proof of insurance, including the following: (1) Commercial General Liability (including the office location and any pipelines), (2) Auto (both property and liability) and Worker's Compensation.  The lack of insurance poses a risk of loss to the estate.

### Lack of Good Faith and Unauthorized Filing

20.     The U. S. Trustee avers that Debtor lacked authority to file this Case, by (1) filing this Case without Smith's consent, (2) filing in a venue in a different District from the

contentious Russell Bankruptcy and (3) filing this Case without consent of the Majority Interest of its Members.

21.     Debtor's prosecution of this Case lacks good faith as Debtor failed to timely file the Schedules and the SoFA.  Further, by not filing the Schedules and SoFA by the date of the initial Creditor's Meeting (or the Deadline) Debtor impeded the procedure at the initial Creditor's Meeting.

22.     Debtor further lacks good faith by filing this Case in violation of the automatic stay in the Russell Bankruptcy and violating the Order for Relief in the Russell Bankruptcy.

23.     Debtor does not have an attorney who has been formally employed by this Court. As a Limited Liability Company, Debtor must be represented by an attorney to proceed before this Court.

24.     Debtor's Case should be dismissed or converted.

25.     The U.S. Trustee seeks dismissal or conversion for cause.  11 U.S.C. §1112(b). 11 U.S.C. §105.

### Applicable Law and Argument

26.     Section 1112 (b) provides,

. . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

27.     Cause exists to dismiss or convert as Debtor has failed to comply with Orders of the Court: (1) by violating the automatic stay in the Russell Bankruptcy after the Order for Relief was entered and (2) by failing to meet the Deadline to file the Schedules and the SoFA.  11 U.S.C. §1112(b)(4)(E).

28.    Cause further exists as Debtor did not have the requisite member consent to file this Case. 11 U.S.C. §105.

29.    Cause further exists as Debtor, and LLC, is not formerly represented by an attorney. 11 U.S.C. §105. Cause exists to dismiss or convert as Debtor does not have an attorney. As an LLC, Debtor may not proceed before this Court without counsel. 11 U.S.C. § 1112(b)(4) and § 105. "It has been the law for the better half of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. (9 Wheat.) 738, 830-31 (1824)). This rule applies to corporations, partnerships, joint ventures, or other legal entities filing bankruptcy cases under Title 11 of the United States Code. *See e.g. Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.)*, 585 F.2d 7, 13 (1st Cir. 1978) (involving corporate debtor).

30.    Cause further exists as Debtor has failed to provide proof of insurance. This poses a risk of loss to the estate. 11 U.S.C. §1112(b)(4)(C).

31.    Under the facts of this Case, the Debtor does not appear able to effectively use Chapter 11 for the benefit of creditors, so the Case should be dismissed or converted. 11 U.S.C. §1112. 11 U.S.C §105.

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an order dismissing the Case or converting the Case to Chapter 7.

Dated:  January 6, 2025

Respectfully submitted,

Lisa Lambert
United States Trustee
Region 6

By:     _/s/ John Vardeman_____
John Vardeman
Trial Attorney, TBN 20496260
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1453

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than January 7, 2025.

_/s/ John Vardeman_____
John Vardeman

**DEBTOR**
Toledo Gas Gathering, LLC
515 N. Fredonia
Longview, TX 75601

**DEBTOR'S COUNSEL**
Wyatt John Shirley
Curtis Law, P.C.
901 Main St.
Ste. 6515
Dallas, TX 75202

**NOTICE OF APPEARANCE**
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
Julie Anne Parsons
P.O. Box 1269
Round Rock, Texas 78680-1269

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
3500 Maple Avenue
Suite 800
DALLAS, TX 75219

Susan Fuertes
Assistant County Attorney
Harris County Attorney's Office
Attention: Property Tax Division
P.O. Box 2848
Houston, Texas 77252

Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110

H. R. CHAPIN, ATTORNEY &
COUNSELOR, PLLC
Attn.: Hershel R. Chapin
4301 Alpha Rd
Dallas, TX 75244

PJ Putnam
LAW OFFICE OF PJ PUTNAM, P.C.
18208 Preston Road, Suite D9-159
Dallas, TX 75252

Perdue Brandon Fielder Collins & Mott
110 N College Ave Ste 1202
Tyler, TX 75702

GALENA PARK INDEPENDENT
SCHOOL DISTRICT
c/o Melissa E. Valdez
Perdue, Brandon, Fielder, Collins & Mott,
L.L.P.
1235 North Loop West
Suite 600
Houston, TX 77008

**Matrix**
Attached